[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 3, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10133

_____

D. C. Docket No. 06-22738-CV-FAM

JASON A. PELLON, DANNY BALLADARES, et al.,

Plaintiffs-Appellants,

versus

BUSINESS REPRESENTATION INTERNATIONAL, INC.,
JOSEPH C. LORENZO,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 3, 2008)**

Before BIRCH and MARCUS, Circuit Judges, and FORRESTER,[*] District Judge.

PER CURIAM:

_____

[*] Honorable J. Owen Forrester, United States District Judge for the Northern District of Georgia, sitting by designation.

Appellants, a group of fifty-three airport employees commonly known as "skycaps," appeal from the district court's entry of summary judgment in favor of their employer, Business Representation International, Inc. ("BRI"), and BRI's sole owner, Joseph C. Lorenzo (together, "the defendants"). The skycaps allege that the defendants violated certain minimum wage requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. On appeal, they contend that the district court erred in rejecting their claims that: (1) BRI failed to give them adequate notice of its intention to use their tips towards its minimum wage obligations under the FLSA; (2) BRI required them to perform "non-tipped" tasks beyond their ordinary job responsibilities without appropriate compensation; and (3) a fee they were required to collect from customers constituted impermissible tip-sharing within the meaning of the FLSA.

We review a district court's grant of summary judgment de novo. See, e.g., Natural Answers, Inc. v. SmithKline Beecham Corp., 529 F.3d 1325, 1329 (11th Cir. 2008). Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On summary judgment, we "view the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-movant."

2

Kingsland v. City of Miami, 382 F.3d 1220, 1226 (11th Cir. 2004).

After thorough review of the record and careful consideration of the parties' briefs and oral argument, we affirm on the basis of the district court's well-reasoned order issued on December 17, 2007. See Pellon v. Bus. Representation Int'l, Inc., 528 F. Supp. 2d 1306 (S.D. Fla. 2007).

**AFFIRMED.**