**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 7, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

AARICA ROMERO,

     Plaintiff - Appellant,

v.

TOP-TIER COLORADO LLC; RICHARD
J. WARWICK,

     Defendants - Appellees.

_____

SECRETARY OF LABOR,

     Amicus Curiae.

No. 16-1057

_____

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:15-CV-02101-MEH)**
_____

Jamie G. Sypulski, Law Office of Jamie Golden Sypulski, Chicago, Illinois (Clifford P. Bendau, II, The Bendau Law Firm, Phoenix, Arizona, Douglas M. Werman, and Sarah J. Arendt, Werman, Salas P.C., with her on the briefs), for Plaintiff-Appellant.

Gregory E. Givens, Gregory E. Givens Law Offices, Colorado Springs, Colorado, for Defendants-Appellees.

M. Patricia Smith, Solicitor of Labor, Jennifer S. Brand, Associate Solicitor, Paul L. Frieden, Counsel for Appellate Litigation, and Sarah Kay Marcus, Senior Attorney, U.S. Department of Labor, Washington, D.C., filed a brief for Amicus Curiae.
_____

Before **TYMKOVICH**, Chief Judge, **BACHARACH** and **MORITZ**, Circuit Judges.

_____

**MORITZ**, Circuit Judge.

_____

In dismissing Aarica Romero's minimum-wage claim under Fed. R. Civ. P. 12(b)(6), the district court relied on a single, undisputed fact: Romero has never alleged that she earned less than the federal minimum wage of $7.25 an hour—at least after taking into account both (1) the cash wage that her employer paid her and (2) *all* of the tips that she received each week.

But an employer doesn't comply with its federal minimum-wage obligations just because its employees receive at least $7.25 an hour in tips. Instead, an employer complies with its minimum-wage obligations if it "pay[s]" its employees at least $7.25 an hour in "wages." 29 U.S.C. § 206(a)(1)(C). And while an employer can treat tips as wages under certain circumstances, *see id.* § 203(m), Romero asserts that her employer impermissibly did so here.

The district court declined to address this argument. But without first resolving whether Romero's employer was entitled to treat her tips as wages under § 203(m), the district court couldn't have determined whether that employer "pa[id]" Romero "wages" of at least $7.25 an hour under § 206(a)(1)(C). Accordingly, we reverse and remand to the district court to make this threshold determination in the first instance.

## BACKGROUND

Romero worked as a server for defendant Top-Tier Colorado LLC (Top-Tier) at one of its restaurants.[1] Rather than directly paying Romero the federal minimum wage of $7.25 an hour, *see* § 206(a)(1)(C), the defendants instead took advantage of what's known colloquially as the "tip credit": they paid Romero a "cash wage" of $4.98 an hour[2] and then used some of the tips that Romero received to cover the gap between that cash wage and the federal minimum wage, *see Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 876 (8th Cir. 2011) (explaining that tip credit "allows the employer to avoid a larger cash payment to the employee as long as the employee's tips make up the difference between $2.13 per hour and the current minimum wage" (citing § 203(m)).

But the tip credit only applies to "tipped employee[s]." § 203(m). And during some of the hours she worked, Romero performed what she describes as "non-tipped" tasks, e.g.,

> brewing tea, brewing coffee, rolling silverware, cleaning soft drink dispensers, wiping down tables, setting tables, busing tables, cutting and stocking fruit, stocking ice, taking out trash, scrubbing walls, sweeping floors, restocking to-go supplies, cleaning booths, cleaning ramekins,

---

[1] During the relevant time period, defendant Richard Warwick managed the restaurant where Romero worked. We refer to Top-Tier and Warwick collectively as "the defendants."

[2] We take the bulk of these facts from Romero's complaint. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) ("A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."). The complaint doesn't allege the precise cash wage the defendants paid Romero; instead, it asserts only that they paid her "the reduced tip[-]credit rate." App. 11. But the defendants admit in their opening brief that they paid Romero a cash wage of $4.98 an hour.

> sweeping, mopping, restocking all stations, washing dishes, and breaking down and cleaning the expo line.

App. 9.

Reasoning that she wasn't a "tipped employee" under § 203(m) for at least some of the hours she spent performing these tasks, Romero asserts that the defendants should have paid her a cash wage of at least $7.25 an hour—rather than a cash wage of $4.98 an hour—for those hours. And because they failed to do so, Romero alleges, they violated § 206(a)(1)(C).

More specifically, Romero divides the non-tipped tasks she performed into two categories: "related" tasks and "unrelated" ones. App. 9. She alleges that the defendants weren't entitled to take the tip credit for any of the hours she spent performing *unrelated* non-tipped tasks—a rule that she derives primarily from 29 C.F.R. § 531.56(e). And she alleges that the defendants weren't entitled to take the tip credit for those hours "in excess of [20 percent] of her regular workweek" that she spent performing *related* non-tipped tasks—a rule that she derives primarily from § 30d00(e) of applicable version of the Department of Labor's Field Operations Handbook. App. 10.

The defendants moved to dismiss Romero's complaint under Rule 12(b)(6). In relevant part, they argued that Romero's complaint doesn't state a claim under § 206(a) because it doesn't "allege that she failed to receive the minimum wage when including [all] the tips she received as a server." App. 18. Relying on *United States v.*

4

*Klinghoffer Bros. Realty Corp.*, 285 F.2d 487 (2d Cir. 1960), the district court agreed.

In *Klinghoffer*, the Second Circuit held that an employer complies with § 206(a) "so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement." 285 F. 2d at 490. Thus, the district court reasoned, "whether [an employee] is able to state [a] minimum wage violation depends on [the employee's] total pay earned for the workweek divided by the total number of hours worked in that same week." App. 77. And as the district court noted, Romero's complaint doesn't allege that, after (1) adding up her cash wages and *all* the tips she received in any given week and (2) dividing that amount by the number of hours she worked, she didn't "earn[]" at least "the minimum wage every week she worked at the restaurant." *Id.* at 79. Accordingly, the district court dismissed Romero's complaint for failure to state a claim. Romero appeals.

## DISCUSSION

The Fair Labor Standards Act (FLSA) of 1938 requires employers to "pay [their] employees . . . wages [of] . . . not less than . . . $7.25 an hour." § 206(a)(1)(C). But when it comes to "tipped employee[s]," an employer can take advantage of the FLSA's tip-credit provision: it can pay those employees a cash wage of as little as $2.13 an hour, and then use a portion of the employees' tips to make up the

5

difference between that hourly cash wage and the federal minimum wage. *Id.*
§ 203(m); *Fast*, 638 F.3d at 876.

Yet § 203(m)'s tip-credit provision is not without its limits. As Romero points out, the Department of Labor (DOL) has "recognize[d] that an employee may hold more than one job for the same employer, one which generates tips and one which does not, and that the employee is entitled to the full minimum wage rate while performing the job that does not generate tips." *Fast*, 638 F.3d at 875 (citing 29 C.F.R. § 531.56(e)). Moreover, § 30d00(e) of the applicable version of the DOL's Field Operations Handbook (FOH) "provides that if a tipped employee spends a substantial amount of time (defined as more than 20 percent) performing related but nontipped work, . . . then the employer may not take the tip credit for the amount of time the employee spends performing those duties."[3] *Id.*

Romero alleges that the defendants employed her in two occupations: one that generated tips and one that didn't. She also alleges that she spent more than 20 percent of her workweek performing "related but nontipped work." *Id.* Thus, citing 29 C.F.R. § 531.56(e) and § 30d00(e) of the applicable version of the FOH, she concludes that the defendants weren't entitled to take the tip credit for (1) those hours she spent "performing the job that [didn't] generate tips" and (2) those hours she spent "performing related but nontipped work." *Id.* Instead, she insists, she was "entitled . . . to the overall minimum wage" for those hours. App. 11.

---

[3] Both Romero and the defendants treat the 1988 version of the FOH as the applicable version. *See also Fast*, 638 F.3d at 877-78 (relying on 1988 version of FOH).

6

But the district court explicitly declined to address either of these arguments. Instead, the court adopted the defendants' alternate theory: that Romero's claim fails as a matter of law because she doesn't allege "she was . . . paid less than the federal minimum wage of $7.25 an hour when including [all] her tips and counting all her hours worked in any one workweek." *Id.* at 76.

Citing *Klinghoffer*, the district court concluded that "whether [a plaintiff] is able to state an FLSA minimum wage violation depends on her total pay earned for the workweek divided by the total number of hours worked in that same week." *Id.* at 77. *See Klinghoffer*, 285 F.2d at 490 (explaining that employer satisfies § 206(a) as long as "total wage paid to [employee] during any given week," when "divided by the total time [employee] worked that week," yields a "resulting average hourly wage" that meets or exceeds federal minimum). And because Romero doesn't dispute that she "earn[ed] more than the minimum wage every week she worked at the restaurant," the district court dismissed her claim. App. 79.

On appeal, Romero argues that the court's reliance on *Klinghoffer* is misplaced. Reviewing the district court's decision to dismiss de novo, *see Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006), we agree.

The district court's *Klinghoffer* analysis conflates two distinct concepts: (1) the tips that Romero "earn[ed]," *see* App. 79, and (2) the "wages" that the defendants "pa[id]," *see* § 206(a). True, the former is relevant to the minimum-wage inquiry to the extent that § 203(m) allows an employer to "us[e]" some of an employee's tips as wages. *Trejo v. Ryman Hosp. Props., Inc.*, 795 F.3d 442, 447 (4th

7

Cir. 2015). But only the latter is actually dispositive of such a claim. *See* § 206(a)(1)(C) (requiring "[e]very employer [to] *pay* [its] employees . . . *wages* [of] . . . not less than . . . $7.25 an hour" (emphases added)).

And this distinction between tips earned and wages paid simply wasn't at issue in *Klinghoffer*; there, the plaintiff never disputed that every cent the employees earned for the work they performed constituted "wages" their employers "pa[id]" them for purposes of § 206(a). 285 F.2d at 490. Moreover, as Romero points out, this issue *couldn't* have arisen in *Klinghoffer*; the Second Circuit decided that case years before Congress amended the FLSA to include § 203(m)'s tip-credit provision. *See Or. Rest. & Lodging Ass'n v. Perez*, 816 F.3d 1080, 1083 (9th Cir. 2016).

Here, on the other hand, the entire upshot of Romero's argument is that the defendants impermissibly treated a portion of her tips as "wages" for purposes of § 206(a) by taking § 203(m)'s tip credit for hours that, according to Romero, weren't tip-credit eligible under 29 C.F.R. § 531.56(e) and § 30d00(e) of the applicable FOH.

In other words, we can assume that the district court correctly derived from *Klinghoffer* the general rule that an employer satisfies § 206(a) so long as, after "the total wage paid to each [employee] during any given week is divided by the total time [that employee] worked that week, the resulting average hourly wage" meets or exceeds $7.25 an hour. 285 F.2d at 490. But even then, the district court couldn't apply that general rule to Romero's claim without first determining what "total wage" the defendants actually "paid" her. *Id.* And the district court couldn't make *that* determination without evaluating whether, as Romero alleges, the defendants

8

took § 203(m)'s tip credit for hours that weren't tip-credit eligible. *Cf. Fast*, 638 F.3d at 874-75, 876-81 (acknowledging that parties agreed "the plaintiffs received in employer cash payments and tips a sum at least equal to the required minimum wage per hour for all hours worked," but nevertheless proceeding to analyze effect of 29 C.F.R. § 531.56(e) and § 30d00(e) of applicable FOH on plaintiffs' minimum-wage claim).

The defendants suggest that by drawing a line between what an employer pays in wages and what an employee receives in tips, we miss the forest for the trees. After all, the purpose of the FLSA is to ensure that every covered worker receives "[a] fair day's pay for a fair day's work." *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (quoting *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 578 (1942)). And according to the defendants, that "purpose is filled" when "an employee like Romero receives pay . . . above the minimum wage," Aplee. Br. 14, even if that pay happens to take the form of tips rather than wages. So even assuming they wrongfully took the tip credit for one or more hours, the defendants insist, Romero's complaint still doesn't state a claim under § 206(a).

But if the defendants' interpretation of § 206(a) is correct, then an employer can pay a tipped employee nothing at all, so long as that employee's weekly tips—when divided by the number of hours he or she worked—average at least $7.25 an hour. We find this reading of § 206(a) impossible to square with § 203(m)'s plain language: the latter explicitly requires employers to pay their tipped employees *something*, regardless of how much those employees receive in tips. *See* § 203(m)(1)

9

("[T]he cash wage paid such employee . . . shall be not less than [$2.13 an hour.]"); *see also Schaefer v. Walker Bros. Enters.*, 829 F.3d 551, 553 (7th Cir. 2016) (noting that FLSA "require[s] some cash payment from the employer . . . no matter how much a worker receives in tips"); *cf. Doty v. Elias*, 733 F.2d 720, 722, 724 (10th Cir. 1984) (rejecting, under previous version of § 203(m), defendant's argument that "an employer who allows employees to keep their tips complies with [§ 206(a)] so long as the employees make at least as much in tips as they would if they received only the minimum hourly wage"; such interpretation would "do[] violence to the language of § 203(m) and . . . render much of that section superfluous").

Accordingly, we reject the defendants' argument—and the district court's conclusion—that "if [a] tipped employee makes enough [in tips] to meet the minimum wage," then the employer has necessarily complied with § 206(a). App. 79. Instead, we hold that to the extent an employee's tips are relevant in determining whether an employer has satisfied its minimum-wage obligations under § 206(a), the threshold question is whether the employer can treat those tips as wages under § 203(m). And because the district court declined to answer that threshold question here, we reverse and remand to give the district court an opportunity to do so in the first instance. *See Pac. Frontier v. Pleasant Grove City*, 414 F.3d 1221, 1238 (10th Cir. 2005) ("Where an issue has been raised, but not ruled on, proper judicial administration generally favors remand for the district court to examine the issue initially."); *see also Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1181 (10th Cir. 2010) ("Because the district court wrongly

10

concluded that [defendants] were not subordinate economic entities entitled to tribal sovereign immunity, and consequently did not reach the issue of whether [defendants] waived their immunity from suit . . . , we remand for the district court to address that question in the first instance.").