**Aarica ROMERO, Plaintiff,**

v.

**TOP–TIER COLORADO LLC, d/b/a Huhot Mongolian Grill, and Richard J. Warwick, Defendants.**

**Civil Action No. 15–cv–02101–MEH**

United States District Court, D. Colorado.

Signed 06/02/2017

Clifford Phillip Bendau, II, Bendau Law Firm PLLC, Scottsdale, AZ, for Plaintiff.

Gregory Eugene Givens, Law Offices of Gregory E. Givens, P.C., Colorado Springs, CO, for Defendants.

## ORDER

Michael E. Hegarty, United States Magistrate Judge.

On May 1, 2017, Defendants filed their Supplemental Brief in Support of Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6). ECF No. 42. The motion is adequately briefed, and the Court finds oral argument will not assist in its adjudication. Defendants' motion asks the Court to determine whether Plaintiff asserts a violation of the Fair Labor Standards Act's ("FLSA") minimum wage provision. The Court holds that Plaintiff alleges an FLSA violation, because Plaintiff contends she did not re-

ceive a proper wage for the substantial non-tipped duties she performed. Accordingly, the Court denies Defendants' motion.

## BACKGROUND

### I. Facts

The following are factual allegations (as opposed to legal conclusions, bare assertions, or merely conclusory allegations) made by Plaintiff in her Complaint, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Plaintiff worked as a full-time server for Defendant Huhot—a restaurant in Arapahoe County, Colorado—between April 1, 2013, and July 31, 2015. Compl. ¶ 17, ECF No. 1. Defendant Richard Warwick owns and manages Huhot, which makes him an employer subject to the FLSA. *Id.* at ¶ 13.

Because Plaintiff regularly received tips as part of her employment, Defendants did not pay Plaintiff the full minimum wage. *Id.* at ¶ 18. Instead, they took advantage of the "tip credit," which permits employers to pay their employees less than the minimum wage as long as the employees' tips make up the difference. *Id.* at ¶¶ 18–19; 29 U.S.C. § 203(m).

However, Plaintiff also performed tasks for which she did not receive tips. *Id.* at ¶ 20. In fact, more than twenty percent of the work Plaintiff performed in a given workweek involved non-tipped labor that was related to her employment as a server. *Id.* Examples of Plaintiff's work in this category included:

preparatory and workplace maintenance tasks such as brewing tea, brewing coffee, rolling silverware, cleaning soft drink dispensers, wiping down tables, setting tables, busing tables, cutting and stocking fruit, stocking ice, taking out trash, scrubbing walls, sweeping floors, restocking to-go supplies, cleaning booths, cleaning ramekins, sweeping, mopping, restocking all stations, washing dishes, and breaking down and cleaning the expo line.

*Id.* at ¶ 21. Defendants also required Plaintiff to engage in labor unrelated to her tipped occupation, such as, "preparatory and workplace maintenance tasks such as taking out trash, scrubbing walls, sweeping floors, cleaning booths, sweeping, mopping, washing dishes, [and] breaking down and cleaning the expo line."[1] *Id.* at ¶¶ 20, 22. Defendants required Plaintiff to do such work "before, during, and after scheduled shifts; before the restaurant was open to customers; after the restaurant was closed to customers; while Plaintiff had few to no customers to serve; before serving her first customer; and after being 'cut' from serving customers." *Id.* at ¶ 24.

### II. Procedural History

Based on these factual allegations, Plaintiff filed her Complaint on September 23, 2015. ECF No. 1. Plaintiff asserts violations of 29 U.S.C. § 206(a), which requires employers to comply with the federal minimum wage. According to the Complaint, Defendants impermissibly paid Plaintiff the reduced "tip credit" rate, even when Plaintiff was performing non-tipped duties. Compl. ¶¶ 40–51. On December 28, 2015, Defendants filed a Motion to Dismiss Plaintiff's Complaint. ECF No. 13. Defendants argued, *inter alia*, that "no minimum wage violation occurs so long as the employer's total wage paid to an employee in any given workweek divided by the total hours worked in the workweek equals or exceeds the minimum wage rate." Defs.' Mot. to Dismiss 9. Because Plaintiff failed to allege her total salary plus tips was less than the minimum wage in any given

---

1. Plaintiff's Complaint lists some of these tasks in both categories of work.

week, Defendants asserted that Plaintiff failed to state a claim. *Id.* The Court relied on this reasoning in holding that Plaintiff did not assert a minimum wage violation. Order on Defs.' Mot. to Dismiss 10, ECF No. 24.

Plaintiff filed a timely Notice of Appeal on February 22, 2016. ECF No. 28. On March 29, 2017, this Court received the Tenth Circuit Court of Appeals' Mandate reversing its decision on Defendants' motion to dismiss and remanding the case for further determination. ECF No. 37. The Tenth Circuit held that the Court erred, because it considered whether Defendants paid Plaintiff the minimum wage before addressing the "wage" Plaintiff received. ECF No. 36, at 10. As stated by the Tenth Circuit, "to the extent an employee's tips are relevant in determining whether an employer has satisfied its minimum-wage obligations under § 206(a), the threshold question is whether the employer can treat those tips as wages under § 203(m)." *Id.* Because this Court did not address whether Defendants permissibly treated Plaintiff's tips as wages, the Tenth Circuit remanded the case to this Court. *Id.*

At an April 12, 2017 Status Conference, the parties agreed on a briefing schedule for the issue underlying the remand. ECF No. 39. In accordance with this schedule, Defendants filed the present Renewed Motion to Dismiss on May 1, 2017. ECF No. 42. Defendants argue they properly treated Plaintiff's tips as wages for the entirety of her employment. *Id.* According to Defendants, the FLSA and Department of Labor ("DOL") regulations unambiguously state that an employer may pay its employees the reduced rate when the employees perform tipped occupations, regardless of the employees' duties. *Id.* at 4–6. Because Defendants employed Plaintiff as a server, which is indisputably a tipped occupation, Defendants contend they were enti-

tled to pay Plaintiff the lesser rate for the entirety of her employment. *Id.*

Plaintiff filed her Response to Defendants' motion on May 22, 2017. ECF No. 44. According to Plaintiff, because she performed a substantial amount of non-tipped tasks related to her employment as a server and had duties unrelated to her tipped position, she was employed in dual occupations—only one of which was tipped. Pl.'s Resp., ECF No. 44. In making this argument, Plaintiff relies on the DOL's Field Operations Handbook ("FOH"), which states that an employee is engaged in dual occupations when that employee's non-tipped tasks amount to more than twenty percent of her average workweek. *Id.* at 10–13. Plaintiff contends that the Court should defer to the FOH in deciding the present motion. *Id.*

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* *Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–80, 129 S.Ct. 1937. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681, 129 S.Ct. 1937. If the allegations state a plausible

claim for relief, such claim survives the motion to dismiss. *Id.* at 680, 129 S.Ct. 1937.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines,* 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kan. Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik,* 671 F.3d at 1191.

## ANALYSIS

The principal dispute underlying the present motion is whether Defendants were entitled to treat Plaintiff's tips as wages under 29 U.S.C. § 203(m) and 29 C.F.R. § 531.56(e). If Defendants were not permitted to do so, Plaintiff's Complaint clearly states that Defendants did not pay her the full minimum wage. *See* Compl. ¶¶ 18–19. However, the parties do not dispute that if the FLSA entitled Defendants to treat Plaintiff's tips as wages for the entirety of her employment, Plaintiff never earned less than the minimum wage. In determining whether Defendants properly treated Plaintiff's tips as wages, the Court must analyze the meaning of the FLSA and the DOL's regulations.

The FLSA requires employers to pay their employees wages of not less than $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). However, when an employee is engaged in a tipped occupation, the employer can take advantage of the FLSA's tip-credit provision. *Id.* § 203(m). This permits employers to pay a cash wage of as little as $2.13 per hour as long as the employee's tips make up the difference between the cash wage and the statutory minimum wage. *Id.* The FLSA defines a "tipped employee" as, "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." *Id.* § 203(t).

Here, the parties do not dispute that Plaintiff regularly received more than $30.00 per month in tips as a server. However, Plaintiff claims that when she was performing non-tipped duties, she was engaged in a separate occupation for which she did not receive tips. Compl. ¶ 20–22.

The FLSA does not address the situation where an employee has more than one job for the same employer, only one of which receives tips. Therefore, the DOL promulgated 29 C.F.R. § 531.56(e) ("Dual Jobs Regulation") to fill this gap in the FLSA. *See, e.g., Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.,* 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) ("The power of an administrative agency to administer a congressionally created . . . program necessarily requires the formulation of policy and the making of rules to fill any gap left, implicitly or explicitly, by Congress." (quoting *Morton v. Ruiz,* 415 U.S. 199, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974))). The Dual Jobs Regulation provides:

> Dual jobs. In some situations an employee is employed in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter. In such a situation the employee, if he customarily and regularly receives at least $30 a month in tips for his work as a waiter, is a tipped employee only with respect to his employment as a waiter. He is employed in two occupations, and no tip

credit can be taken for his hours of employment in his occupation of maintenance man. Such a situation is distinguishable from that of a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses. It is likewise distinguishable from the counterman who also prepares his own short orders or who, as part of a group of countermen, takes a turn as a short order cook for the group. Such related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips.

29 C.F.R. § 531.56(e).

Since its promulgation, the DOL has interpreted the Dual Jobs Regulation through its 1988 FOH,[2] opinion letters, and amicus briefs, one of which was filed in this case while it was pending before the Tenth Circuit. *See* Field Operations Handbook § 30d00(e); WHD Opinion Letter FLSA–895 (Aug. 8, 1979); Brief for the Secretary of Labor as *Amicus Curiae* in Support of Plaintiff–Appellant at 11, *Romero v. Top–Tier Colo., LLC, et al.*, 849 F.3d 1281 (10th Cir. 2017) (No. 16–1057). The applicable version of the FOH states:

> (e) Reg 531.56(e) permits the taking of the tip credit for time spent in duties related to the tipped occupation, even though such duties are not by themselves directed toward producing tips (i.e. maintenance and preparatory or closing activities). For example, a waiter/waitress, who spends some time

cleaning and setting table, making coffee, and occasionally washing dishes or glasses may continue to be engaged in a tipped occupation even though these duties are not tip producing, provided such duties are incidental to the regular duties of the server (waiter/waitress) and are generally assigned to the servers. However, where the facts indicate that specific employees are routinely assigned to maintenance, or that tipped employees spend a substantial amount of time (in excess of 20 percent) performing general preparation work or maintenance, no tip credit may be taken for the time spent in such duties.

Field Operations Handbook § 30d00(e).

■ Defendants argue the Court should disregard the FOH and interpret the Dual Jobs Regulation as permitting the credit only "where an employee is employed in a second, and wholly separate, untipped occupation." Defs.' Mot. 5. According to Defendants, this interpretation is correct, because the regulation unambiguously states that an employee's occupation, not her duties, is determinative in analyzing whether the employer can claim the tip credit. *Id.* at 6. Plaintiff asserts the Court should defer to the DOL's interpretation of the regulation under *Auer v. Robbins*, 519 U.S. 452, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997). In *Auer*, the Supreme Court held that an agency's interpretations of its own ambiguous regulations are entitled to deference so long as they are not plainly erroneous or inconsistent with the regulation.[3] *Id.* at 461, 117 S.Ct. 905. Ac-

---

2. Because the parties treat the 1988 version of the FOH as the applicable version, the Court will do so here. However, the Court notes that the DOL has updated the FOH, such that the portion interpreting the Dual Jobs Regulation now appears in Section 30d00(f). *See* Field Operations Handbook § 30d00(f), available at https://www.dol.gov/whd/foh/foh_Ch30.pdf.

3. Additionally, if an agency elects to merely paraphrase the statutory language instead of use its expertise to formulate a regulation, the agency's interpretation of that regulation is only " 'entitled to respect' to the extent it has the 'power to persuade.' " *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 878 (8th Cir. 2011) (quoting *Gonzales v. Oregon*, 546 U.S. 243, 256, 126 S.Ct. 904, 163 L.Ed.2d 748 (2006)).

cording to Plaintiff, because the Dual Jobs Regulation does not define the terms "occasionally" "part of [the] time," or "related duties," the DOL's interpretation provides necessary guidance that is entitled to deference. Pl.'s Resp. 12.

In support of her argument, Plaintiff relies on *Fast v. Applebee's International, Inc.*, 638 F.3d 872 (8th Cir. 2011). In that case, the Eighth Circuit held that Section 30d00(e) of the FOH is entitled to *Auer* deference. *Id.* at 879. The court first found the regulation ambiguous. *Id.* According to the court, the regulation places a clear temporal limit on the amount of related duties an employee can perform and still be considered to be engaged in the tip-producing occupation, but it does not define the specific contours of that limit. *Id.* Furthermore, because "[t]he DOL has used a 20 percent threshold to delineate the line between substantial and nonsubstantial work in various contexts within the FLSA," the court held that "[t]he 20 percent threshold used by the DOL in its Handbook is not inconsistent with § 531.56(e) and is a reasonable interpretation of the terms 'part of the time' and 'occasionally' used in that regulation." *Id.* at 881. Therefore, the court deferred to the FOH and held that an employer may not take the tip credit when an employee performs duties unrelated to her tipped occupation or non-tipped duties related to her tipped occupation that account for more than twenty percent of her workweek. *Id.*

The Court finds the *Fast* court's reasoning (and that of many other courts) persuasive, and the Court adopts it here in deferring to the DOL's interpretation of the Dual Jobs Regulation. *See Schaefer v. Walker Bros. Enters., Inc.*, 829 F.3d 551, 554–55 (7th Cir. 2016) (accepting the court's holding in *Fast*, and analyzing whether the estimates in discovery of time spent on non-tipped activities were more

than twenty percent of an eight hour shift); *Flood v Carlson Rests., Inc.*, 94 F.Supp.3d 572, 582 (S.D.N.Y. 2015) ("[T]he Eighth Circuit's well-reasoned decision in *Fast*, with which this Court agrees, explicitly rejected Defendants' argument that the twenty percent rule is not entitled to deference."); *Driver v. AppleIllinois, LLC*, 890 F.Supp.2d 1008 (N.D. Ill. 2012) (finding the court's reasoning in *Fast* persuasive, and granting Plaintiff's motion for summary judgment, because "the evidence here shows that [the defendant] did not respect [the 20 percent] limitation").

First, the Court agrees with the *Fast* court that the dual jobs regulation is ambiguous. The regulation uses, but does not define, the terms "occasionally," "part of [the] time," and "related duties." 29 C.F.R. § 531.56(e); *Fast*, 638 F.3d at 880–81. Therefore, it limits the amount of related, but non-tip producing, duties an employee can perform without delineating when the employee exceeds the limit. *See id.* Defendants argue the Dual Jobs Regulation is not ambiguous, because the phrase "part of [the] time" is intended only to clarify the prior sentences that show an employee must be engaged in two completely separate occupations to eliminate an employer's ability to take the tip credit. Defs.' Br. 10. However, even accepting Defendants' argument, the DOL still uses "part of [the] time" to designate a temporal period, outside of which an employee engages in separate occupations. In other words, the regulation makes clear that if an employee performs non-tipped duties more than occasionally, that employee is engaged in separate occupations. Because the regulation does not define precisely when an employee's non-tipped duties become so substantial so as to place the employee in a separate occupation, the DOL issued guidance to explain the ambiguity.

The Court holds that the guidance is not plainly erroneous or inconsistent with the

regulation. By stating that an employer may not take the tip credit if an employee spends more than twenty percent of her time in related but non-tipped work, the FOH places a numerical value on the ambiguous phrases in the regulation. Furthermore, nothing in the regulation indicates that the DOL should have selected a different value. To the contrary, as the *Fast* court noted, "[t]he DOL has used a 20 percent threshold to delineate the line between substantial and nonsubstantial work in various contexts within the FLSA." 638 F.3d at 881.

Defendants argue that the DOL's interpretation is inconsistent with the regulation, because "the statute or regulations [do not] limit the time that a tipped employee can spend on any given task." Defs' Mot. 12. The Court disagrees. The Dual Jobs Regulation allows an employer to take the tip credit only if the employee performs related tasks, such as setting tables and washing dishes, "part of [the] time" or "occasionally." 29 C.F.R. § 531.56(e). Because the FOH explains the meaning of these relative phrases, it is not inconsistent with the regulation.[4] *Fast*, 638 F.3d at 880–81 ("The 20 percent threshold used by the DOL in its Handbook is not inconsistent with § 531.56(e) and is a reasonable interpretation of the terms 'part of the time' and 'occasionally' used in that regulation.").

Defendants assert that this Court should not rely on *Fast*, because "[t]he handbook itself says that it is not used as a device for establishing interpretive policy." Defs.' Mot. 13 (quoting *Probert v. Family Centered Servs. of Alaska*, 651 F.3d 1007, 1012 (9th Cir. 2011)). Although the introduction to the FOH contains this language, the context makes clear that it states this, because the DOL may not immediately update the FOH "through changes in legislation, regulations, significant court decisions, and the decisions and opinions of the WHD administrator." Field Operations Handbook, https://www.dol.gov/whd/foh (last visited June 1, 2017). Furthermore, the FOH provides links to "*other* interpretive guidance," which supports the notion that the DOL treats the FOH as interpretative guidance. *Id.* (emphasis added). The DOL has also consistently taken the position in its amicus briefs, including the brief filed in this case, that the FOH is interpretive guidance. *See* Br. for the Secretary of Labor as *Amicus Curiae* in Support of Plaintiff–Appellant at 19, *Romero v. Top–Tier Colo., LLC*, 849 F.3d 1281 (10th Cir. 2017) (No. 16–1057) ("Opinion letters, FOH provisions, and amicus briefs have been among the Department's tools for issuing interpretations of regulations to which *Auer* deference is due."). Therefore, contrary to Defendants' contention, the DOL has made clear that it treats the FOH as interpretive guidance.[5]

***

4. Furthermore, Section 531.56(e) does not merely "paraphrase the statutory language." *Gonzales*, 546 U.S. at 256, 126 S.Ct. 904. The FLSA establishes an employer's ability to take a tip credit, but does not discuss the scenario where an employee has more than one job for the same employer. Section 531.56(e) specifically addresses this gap in the FLSA.

5. Moreover, even if the FOH was not interpretive guidance, and thus, not entitled to deference, the DOL has consistently interpreted the Dual Jobs Regulations in the same manner through its opinion letters and ami-

cus briefs. *See* Br. for the Secretary of Labor as *Amicus Curiae* in Support of Plaintiff–Appellant at 20–21, *Romero v. Top–Tier Colo., LLC*, 849 F.3d 1281 (10th Cir. 2017) (No. 16–1057). These methods of interpretation are unquestionably forms of guidance entitled to deference. *Auer*, 519 U.S. at 453, 117 S.Ct. 905 ("The Secretary's interpretation is not rendered unworthy of deference by the fact that it is set forth in an *amicus brief* ...."); *In re Wal-Mart Stores, Inc.*, 395 F.3d 1177, 1184 (10th Cir. 2005) ("[O]pinion letters are entitled to great weight when they interpret the DOL's own (ambiguous) regulations.").

Defendants next argue that the FLSA does not establish a cause of action for failing to compensate an employee for time spent on non-tipped duties, and interpreting the FOH as creating one would violate separation of powers principles. Defs.' Mot. 16. However, recognizing that employers must pay employees the full minimum wage when employees perform substantial non-tipped duties does not create a cause of action. The underlying cause of action is still a violation of the minimum wage provision contained in 29 U.S.C. § 206(a). When the DOL promulgated its dual jobs regulation, and subsequently interpreted it, the DOL permissibly filled gaps Congress left in the minimum wage statute, it did not create a new cause of action. *See Chevron, U.S.A., Inc.*, 467 U.S. at 844, 104 S.Ct. 2778 ("The power of an administrative agency to administer a congressionally created ... program necessarily requires the formulation of policy and the making of rules to fill any gap left, implicitly or explicitly, by Congress." (quoting *Morton*, 415 U.S. 199, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974))).

Lastly, Defendants contend the twenty percent limitation imposed by the DOL, and adopted by this Court, would lead to untenable results, because it would require employers to track an employee's duties by the minute. Defs.' Mot. 17–18. However, as *Fast* made clear, as long as employers require their staff to perform related non-tipped duties only intermittently, employers will not be required to track their employees' duties by the minute. 638 F.3d at 880 ("[W]here the related duties are performed intermittently and as part of the primary occupation, the duties are subject to the tip credit."). Moreover, the interpretation Defendants urge could lead to a more untenable result: as long as an employee regularly receives at least $30.00 per month in tips, the employer could claim the tip credit, even if the employee performs a majority of work that, although related, does not generate tips.

Therefore, the Court rejects Defendants' arguments and holds that the Dual Jobs Regulation is ambiguous. Furthermore, Section 30d00(e) of the FOH is a consistent interpretation of that regulation. The Court will defer to the DOL's interpretation in determining whether Plaintiff states a claim for relief.

■ To allege a violation of the minimum wage statute, Plaintiff must assert that Defendants paid Plaintiff as a tipped employee for time Plaintiff spent performing unrelated duties or related duties that consisted of more than twenty percent of her workweek. The Court holds that Plaintiff asserts a cause of action. Plaintiff alleges "Defendants engaged in the regular practice of requiring Plaintiff to perform a substantial amount of non-tipped labor related to her tipped occupation in excess of 20% of her regular workweek and non-tipped labor unrelated to her tipped occupation ...." Compl. ¶ 20. For example, Plaintiff completed "tasks such as brewing tea, brewing coffee, rolling silverware, cleaning soft drink dispensers, wiping down tables, setting tables, busing tables, [and] cutting and stocking fruit ...." *Id.* at ¶ 21. "Defendants regularly and consistently required Plaintiff to perform the above-listed non-tipped labor related to her occupation in excess of twenty percent (20%) of Plaintiff's regular workweek before, during, and after scheduling shifts ...." *Id.* at ¶ 24. As for work unrelated to her occupation as a server, Plaintiff took out the trash, scrubbed walls, swept floors, cleaned booths, and washed dishes, among other tasks. *Id.* at ¶ 22. Accepting these allegations as true, Plaintiff performed a substantial amount of non-tipped tasks before and after her tipped work began. Accordingly, Plaintiff states a claim for relief under the FLSA.

## CONCLUSION

In sum, the Court defers to the DOL's interpretation of 29 C.F.R. § 531.56(e). Because Plaintiff alleges that Defendants failed to pay her the full minimum wage for the time she spent performing substantial non-tipped duties, the Court holds that Plaintiff states a violation of 29 U.S.C. § 206(a). Accordingly, Defendants' Supplemental Brief In Support of Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) [filed May 1, 2017; ECF No. 42] is **denied**. The parties are directed to file a status report on June 30, 2017 advising the Court of the result of the June 26, 2017 Settlement Conference and the progression of this case.