**Lindsey HARRISON, et al., Plaintiff,**

v.

**ROCKNE'S INC., et al., Defendants.**

Case No. 5:17–cv–00477

United States District Court,
N.D. Ohio, Eastern Division.

Signed 08/02/2017

Christopher J. Bendau, Clifford P. Bendau, II, Bendau Law Firm, Phoenix, AZ, James L. Simon, Law Office of Andrew J. Simon, Independence, OH, for Plaintiff.

Thomas E. Green, John W. Hofstetter, Kastner, Westman & Wilkins, Akron, OH, for Defendants.

## ORDER

MAGISTRATE JUDGE THOMAS M. PARKER

### I. Introduction

Plaintiffs Lindsey Harrison and Angela Zabor used to work at a Rockne's restaurant on Ridge Road in Cleveland. They bring this case as a collective action under the Fair Labor Standards Act on an allegation that defendants (collectively: "Rockne's") violated the FLSA by not giving plaintiffs notice that Rockne's was going to take a tip credit against the minimum wage Rockne's would otherwise have owed. Harrison and Zabor also claim that Rockne's should have paid them full mini-

mum wage because Rockne's required them to be "dual" employees who did both tipped work and unrelated un-tipped work. In the alternative, Harrison and Zabor allege that if the untipped work was related to the tipped work, then they were still entitled to full minimum wage because the untipped work occupied more than twenty percent of their work time.

Rockne's disagrees with all of plaintiffs' claims and has moved to dismiss the complaint.[1] The parties have consented to my jurisdiction.[2]

Because plaintiffs have stated plausible claims against defendants, the motion to dismiss must be DENIED.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides, in relevant part, that "a party may assert the following defenses by motion: (6) failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007); *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955; *See also Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

The Supreme Court further explained the pleading requirements in *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

[T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff alleges factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement" but it asks more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

(internal citations omitted) *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009).

■ In ruling on a motion to dismiss, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTv, Inc., v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007). The court may consider: (1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion to dismiss that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly in-

---

1. ECF Doc. # 16.

2. ECF Doc. # 25.

corporated by reference; (3) public records; and (4) matters of which the court may take judicial notice. *Whittiker v. Deutsche Bank Nat'l Trust Co.,* 605 F.Supp.2d 914, 924–925 (N.D. Ohio 2009). The defendant has the burden of showing that the plaintiff has failed to state a claim for relief, *DirecTv, Inc.,* 487 F.3d at 476 (citing *Carver v. Bunch,* 946 F.2d 451, 454, 455 (6th Cir. 1991)), and dismissal on this basis is reviewed *de novo. Golden v. City of Columbus,* 404 F.3d 950, 958 (6th Cir. 2005).

### III. Statement of Facts

Plaintiffs were formerly employed by Rockne's as servers. Lindsey Harrison was employed from June 1, 2015 to July 31, 2016.[3] Angela Zabor was employed from August 1, 2015 to December 31, 2015.[4] Count One of plaintiffs' complaint alleges that Rockne's failed to notify plaintiffs that it was going to use a "tip credit" as permitted by 29 U.S.C. § 203(m) as a basis for not paying them full minimum wage. Plaintiffs assert that they are entitled to full minimum wage for the entire time they worked for Rockne's.

Count Two alleges that Rockne's required plaintiffs to perform non-tipped work that was unrelated to their tipped occupation[5] and non-tipped work related to their tipped occupation in excess of 20% of their regular workweek. If true, this alleged violation of 29 U.S.C. § 531.56(e) would also entitle plaintiffs to minimum wage for the work performed for Rockne's.

### IV. Law & Analysis

#### A. Minimum Wage

The Fair Labor Standards Act requires employers pay covered employees a wage of at least $7.25 an hour. 29 U.S.C. § 206(a)(1)(C). An exception exists for "tipped employees" or "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t). Employers must pay "tipped employees" a wage of:

an amount equal to—

(1) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; and

(2) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under section 206(a)(1) of this title.

The additional amount on account of tips may not exceed the value of the tips actually received by an employee. The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

29 U.S.C. § 203(m). In short, the tipped employee must receive the minimum wage provided by § 206(a)(1). The employer must pay at least $2.13 an hour[6] and, if the employee's tips average less than $5.12 an hour, the employer must supplement the tipped employee's wages to equal the minimum wage. The tip credit cannot be taken by an employer unless employees are informed that it will be taken and the

---

**3.** ECF Doc. 1 at ¶ 14.

**4.** ECF Doc. 1 at ¶ 20.

**5.** ECF Doc. 1 at ¶ 98.

**6.** $2.13 is the minimum wage of tipped employees on August 20, 1996.

employee retains all tips received, with the exception of pooled tips. 29 U.S.C. § 203(m).

Defendants move to dismiss both of plaintiffs' FLSA wage claims because they failed to allege earning less than minimum wage on any particular workweek. Defendants rely on *Craig v. Landry,* 2016 U.S. Dist. LEXIS 80489 (S.D. Ohio June 21, 2016). However, *Craig v. Landry* is not binding and this court recently rejected the same argument asserted by defendants in *Osman v. Grube, Inc.* 2017 WL 2908864, *2–*3, 2017 U.S. Dist. LEXIS 105276, *5–*6 (N.D. Ohio July 7, 2017).

 To succeed on an FLSA claim, plaintiffs need only "prove by a preponderance of evidence that [they] performed work for which [they were] not properly compensated.'" *Id.,* citing *Myers v. Copper Cellar Corp.,* 192 F.3d 546, 551 (6th Cir. 1999). Therefore, contrary to defendants' assertion, plaintiffs' failure to allege that they made less than minimum wage on any particular workweek alone is not grounds for dismissal. *Osman,* 2017 WL 2908864 at *4, 2017 U.S. Dist. LEXIS at *10; *see also, Romero v. Top–Tier Colo. LLC,* 849 F.3d 1281, 1286 (10th Cir. 2017) ("[W]e reject the defendants' argument—and the district court's conclusion—that "if [a] tipped employee makes enough [in tips] to meet the minimum wage," then the employer has necessarily complied with § 206(a).").

### B. Failure to State a Claim

Additionally, defendants move to dismiss Count II of plaintiff's complaint because they failed to sufficiently allege that they were working "dual" jobs requiring them to perform both tipped work and unrelated un-tipped work and/or that they were required to work more than occasionally in related, un-tipped duties.

 Plaintiffs were employed as servers and do not allege that they did not receive tips. Thus, the FLSA tip credit provision applies to their employment at Rockne's. 29 U.S.C. § 203(m). However, the regulations recognize that employees can sometimes work in multiple occupations for the same employer or perform significant non-tipped duties. For these situations, 29 C.F.R. § 531.56(e) provides:

> Dual jobs. In some situations an employee is employed in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter. In such a situation the employee, if he customarily and regularly receives at least $30 a month in tips for his work as a waiter, is a tipped employee only with respect to his employment as a waiter. He is employed in two occupations, and no tip credit can be taken for his hours of employment in his occupation of maintenance man. Such a situation is distinguishable from that of a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses. It is likewise distinguishable from the counterman who also prepares his own short orders or who, as part of a group of countermen, takes a turn as a short order cook for the group. Such related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips.

The dual job analysis turns on whether the employee's untipped duties are "related" to the tipped occupation and how often they are performed. *Osman,* 2017 WL 2908864 at *3, 2017 U.S. Dist. LEXIS at *7–*8. The regulation indicates that a waitress who spends "part of her time" performing related duties and "occasionally" washing dishes or glasses is not considered to be employed in a dual job. However, because the terms "part of her time," "occasionally," and "related duties" are not defined, they are open to different inter-

pretations. *Fast v. Applebee's Int'l, Inc.,* 638 F.3d 872, 877–81 (8th Cir. 2011).

■ When a regulation is ambiguous, the court may defer to interpretations of the Department of Labor ("DOL"), which promulgated the dual jobs regulation. *Auer v. Robbins,* 519 U.S. 452, 461, 117 S.Ct. 905, 137 L.Ed. 2d 79 (1997) (holding that an agency's interpretation of its own regulation is "controlling unless 'plainly erroneous or inconsistent with the regulation.' ") Defendants argue that the regulation is not ambiguous; that the DOL has not provided clear interpretation of the regulation; and that the DOL's Field Operations Handbook ("FOH") is not entitled to any deference by this court.

The DOL has issued three opinion letters regarding the dual jobs regulation, the last of which was withdrawn before being sent to the requesting party. The first stated that "where there is a clear dividing line between the types of duties performed by a tipped employee, such as between maintenance duties and waitress duties, no tip credit may be taken for the time spent by a waitress performing maintenance duties." U.S. Dep't of Labor, Wage & Hour Div., Op. Ltr. WH–502, 1980 WL 141336 (Mar. 28, 1980) (finding that no tip credit would be awarded when "specific employees were routinely assigned, for example, maintenance-type work such as floor vacuuming."). The next opinion letter stated, "tip credit could be taken for ...duties that are incidental to the waiter or waitress regular duties and are assigned generally to the waiter/waitress staff. However, where the facts indicate that specific employees are routinely assigned to maintenance-type work or that tipped employees spend a substantial amount of time in performing general preparation work or maintenance, [the DOL] would not approve a tip credit for hours spent in such activities." U.S. Dep't of Labor, Wage & Hour Div., Op. Ltr.

FLSA–854, 1985 WL 1259240 (Dec. 20, 1985) (finding no tip credit could be given for the 30–40% of time performing "responsibilities [that] extend to the entire restaurant rather than to the specific area or customers which they serve."). In 1988, the DOL issued the Field Operations Handbook (FOH) which reflected the opinion letters and established the standard that no tip credit could be taken if tipped employees spent "a substantial amount of time (in excess of 20 percent) performing general preparation work or maintenance." FOH § 30d00(e) (1988).

Of the four circuit courts to analyze the dual jobs regulation, two applied the twenty-percent rule from the FOH. See *Schaefer v. Walker Bros. Enters., Inc.,* 829 F.3d 551, 554–55 (7th Cir. 2016); *Fast,* 638 F.3d at 877–78, 880–81. The other two circuits did not apply the standard, but cited *Fast* favorably. See *Romero v. Top–Tier Colo. LLC,* 849 F.3d 1281, 1284 (10th Cir. 2017) (citing the twenty percent standard and the FOH, but remanding because the issue was not ripe for appeal); *Roussell v. Brinker Int'l, Inc.,* 441 Fed.Appx. 222, 232 (5th Cir. 2011) (noting the deference given to the FOH in *Fast* ).

Defendants rely on the Eleventh Circuit's affirmance of a district court decision not to apply the twenty-percent rule in *Pellon v. Bus. Representation Int'l, Inc.,* 528 F.Supp.2d 1306 (S.D. Fla. 2007), aff'd 291 Fed.Appx. 310 (11th Cir. 2008). But, the *Pellon* court did not "reject" the twenty-percent rule from the DOL's Handbook. Rather, it found that the twenty-percent rule was too difficult to apply the to the plaintiff skycap's duties. The court stated "a determination of whether 20% (or any other amount) of a skycap's time is spent on non-tipped duties is infeasible. In fact, several of the plaintiffs themselves have admitted that dividing their workday among the various tasks they perform is impractical and impossible." The court fur-

ther held that the plaintiffs had "offered no evidence that their non-skycap duties even constitute more than 20% of the workday." 528 F.Supp.2d at 1313–14.

Defendants also rely on *Roberts v. Apple Sauce, Inc.*, 945 F.Supp.2d 995 (N.D. Ind. 2013). Similar to *Pellon*, *Roberts* did not reject using the DOL's twenty-percent rule. In fact, the court indicated that it was not prepared to decide whether the DOL's Handbook was entitled to deference. Rather, the court determined that plaintiff had failed to adequately plead that she was performing unrelated, non-tipped duties more than twenty-percent of the time. *Roberts*, 945 F.Supp.2d at 1003–1004.

Courts have differed in whether the FOH should be granted deference and whether the twenty-percent rule applied, as evidenced by the different cases cited by the parties. As argued by defendants, some trial courts have refused to apply the twenty-percent rule because the DOL itself allegedly applied the rule "inconsistent[ly]." [7]

The DOL remained silent on the dual jobs regulation until December 2016, when it revised the FOH to read, in part:

(2) 29 CFR 531.56(e) permits the employer to take a tip credit for time spent in duties related to the tipped occupation of an employee, even though such duties are not by themselves directed toward producing tips, provided such related duties are incidental to the regular duties of the tipped employees and are generally assigned to the tipped employee. For example, duties related to the tipped occupation may include a server

who does preparatory or closing activities, rolls silverware and fills salt and pepper shakers while the restaurant is open, cleans and sets tables, makes coffee, and occasionally washes dishes or glasses.

(3) However, where the facts indicate that tipped employees spend a substantial amount of time (i.e., in excess of 20 percent of the hours worked in the tipped occupation in the workweek) performing such related duties, no tip credit may be taken for the time spent in those duties. All related duties count toward the 20 percent tolerance.

(4) Likewise, an employer may not take a tip credit for the time that a tipped employee spends on work that is not related to the tipped occupation. For example, maintenance work (e.g., cleaning bathrooms and washing windows) are not related to the tipped occupation of a server; such jobs are non-tipped occupations. In this case, the employee is effectively employed in dual jobs.

FOH § 30d00(f) (2016). The new language of the FOH is consistent with the 1980s opinion letters and the previous language of the FOH. The language clarifies "related duties" and the time restrictions articulated in the regulation. Thus, the Department of Labor has consistently interpreted the dual jobs regulation over time including most recently, with the exception of one withdrawn letter. *Osman*, 2017 WL 2908864 at *4–*5, 2017 U.S. Dist. LEXIS at *11–*13.

The preface to the FOH states:

The Field Operations Handbook (FOH) is an operations manual that provides

---

7. This inconsistency is based on a withdrawn opinion letter stating that: (1) no time limitation was to be placed on "related duties" performed within a "reasonable time immediately before or after performing...direct-service duties;" and (2) a de minimis rule could apply to unrelated duties. U.S. Dep't of Labor, Wage & Hour Div., Op. Ltr. FLSA 2009–23

(Jan. 16, 2009). The letter stated, "These principles supersede our statements in FOH § 30d00(e). A revised FOH statement will be forthcoming." *Id.* But, with the change in administration on January 20, 2009, the letter was withdrawn and the FOH was not revised to reflect it.

Wage and Hour Division (WHD) investigators and staff with interpretations of statutory provisions, procedures for conducting investigations, and general administrative guidance. The FOH was developed by the WHD under the general authority to administer laws that the agency is charged with enforcing. The FOH reflects policies established through changes in legislation, regulations, significant court decisions, and the decisions and opinions of the WHD Administrator. It is not used as a device for establishing interpretative policy.

U.S. Dep't of Labor, Field Operations Handbook (FOH), https://www.dol.gov/whd/FOH/ (last visited August 1, 2017) (emphasis added). This preface establishes that the Handbook is not entitled to the deferential weight of an official interpretation. However, because it is meant to guide DOL employees in the investigation and enforcement of the dual jobs regulation, it is persuasive evidence of the DOL's intent and should be considered.

The case law, DOL opinion letters, and the FOH all support the position that tasks not performed within the immediate vicinity and time period of tipped duties are "unrelated" duties for which the employer may not take a tip credit. These sources also support the assertion that employers may not take a tip credit if preparatory and maintenance duties performed within the same vicinity and time period of tipped duties ("related duties") consume a "substantial amount of time," i.e. more than twenty percent of the hours worked in a workweek.

[8] Here, plaintiffs allege that they were required to perform non-tipped duties unrelated to their tipped jobs, including, but not limited to: taking out trash, scrubbing walls, sweeping floors, cleaning booths, mopping, washing dishes, breaking down and cleaning the expo line, cleaning and restocking restrooms.[8] They also allege that they were required to perform a number of non-tipped duties related to their tipped jobs including, but not limited to: brewing tea and coffee, wiping down tables, setting tables, busing tables, cutting and stocking fruit, stocking ice, restocking to-go supplies, cleaning ramekins, and restocking all stations.[9] Plaintiffs allege that they were required to perform these non-tipped related duties more than 20% percent of their regular workweek.[10] Thus, plaintiffs have sufficiently alleged that they were employed in a dual job and/or that they were required to perform non-tipped duties for a substantial amount of time and that they were improperly compensated by defendants under the FLSA. Defendants' motion to dismiss Count II of plaintiff's complaint fails as a result.

## V. Conclusion

To state a claim for violation of the FLSA, plaintiffs were not required to allege that their average weekly wage fell below minimum wage. Plaintiffs' failure to include that discrete allegation in their complaint does not doom Count One. Nor did they fail to allege facts supporting their Count Two claim that defendants improperly paid plaintiffs for non-tipped duties. These claims have been recognized by case law, the DOL opinion letters, and the FOH. Plaintiffs' complaint alleges sufficient factual matter to state plausible claims for violation of the FLSA, and defendants' motion to dismiss is DENIED.

---

8. ECF Doc. 1 at ¶ 78.

9. ECF Doc. 1 at ¶ 80.

10. ECF Doc. 1 at ¶ 99.